IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| WILLIAM T. HOBBS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 1:15-00052 |
| ) | JUDGE HAYNES/KNOWLES |
| CITY OF HOHENWALD, TENNESSEE, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court upon a "Motion to Dismiss" filed by the pro se Defendant, Regina Hobbs. Docket No. 23. Defendant has filed a supporting Memorandum which is less than one-page in length and does not discuss any legal authorities. Plaintiff has filed a Response in Opposition to the Motion (Docket No. 40) and a supporting Memorandum.[1] Docket No. 41.

Plaintiff has sued six Defendants in this action, including the City of Hohenwald and four of its police officers. The Amended Complaint essentially avers that Plaintiff and Defendant Regina Hobbs, who were married at the time, were engaged in a domestic dispute on June 14, 2014. Docket No. 5. Plaintiff called 911 and Officers Banks and Himes responded to the call.[2] After some discussion, Officer Banks arrested Plaintiff for rape and domestic assault. Plaintiff

---

[1] Defendant Hobbs has filed a Motion to Strike Plaintiff's Response and supporting Memorandum on grounds that these documents were not properly served upon her. Docket No. 50. The Court has denied that Motion in a separate Order. (Docket No. 57).

[2] Officer Himes is not a party to this action.

avers that Ms. Hobbs and Officer Banks were "romantically involved on or about the time of Mr. Hobbs' arrest and prosecution." Docket No. 5, p. 5. Plaintiff sues Defendants for violations of 42 U.S.C. § 1983, false arrest, malicious prosecution, abuse of process, intentional infliction of emotional distress, negligent infliction of emotional distress and conspiracy.

The body of Defendant's Memorandum in support of her Motion to Dismiss states as follows:

> The Plaintiff William T. Hobbs has a similar complaint filed against me (Regina Hobbs) in Circuit Court of Lewis County at Hohenwald, Tn. One being filed on June 25th 2014 and then filing a non-suit on July 7th 2014. The Plaintiff then filed the same complaint on November 25th, 2014 and has yet to try and resolve, with the exception that his Attorney Douglas Bates contacted me via text message on July 18, 2015. Mr. Bates stated that Mr. Hobbs was ready to get the divorce and he (Mr. Bates) would get the MDA prepared to get this mess behind everyone. I responded back with a call to Mr. Bates that I was ready and he stated he would have documents ready that following week to sign. I never received another call from Mr. Bates. All documents to both complaints and Mr. Bates' text are attached.
>
> . . .
>
> That the Plaintiff's claims dismissed against me (Regina Hobbs) and the first complaint is resolved in the Circuit Court of Lewis County.

Docket No. 24, p. 1.

Plaintiff opposes the instant Motion, arguing that, to the extent Defendant seeks a dismissal based on a "prior suit pending" in state court, that is a Tennessee state law doctrine which does not apply in this Court. Docket No. 41, p. 3, *citing Laney Brentwood Homes, LLC v. Town of Collierville,* 2005 WL 1875473 (6th Cir.) at *5 ("The Tennessee doctrine of 'prior suit pending,' however, is a state law doctrine which plainly does not apply to federal courts."). The

Court agrees.

For the foregoing reasons, the undersigned recommends that the instant Motion to Dismiss (Docket No. 23) be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge